**The document below is hereby signed.**

**Dated: May 18, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
ERNESTINE FLYTHE,              )    Case No. 12-00037
                               )    (Chapter 7)
          Debtor.              )    Not for publication in
                               )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S EMERGENCY MOTION TO REIMPOSE AUTOMATIC STAY TO HALT
REPOSSESSION OF DEBTOR'S AUTOMOBILE BY FORD MOTOR CREDIT COMPANY

The debtor seeks to reimpose the automatic stay as to her Ford Edge automobile and an order directing Ford Motor Credit Company to cancel its efforts to repossess the automobile.

I

The debtor's motion assumes that the automatic stay has terminated. The debtor's discharge terminated the automatic stay as to acts against her or her property. 11 U.S.C. § 362(c)(2)(C). The automatic stay generally remains in place as to property of the estate, but if Ford's lien was a security interest securing an allowed claim for the purchase price of the vehicle, the automatic stay terminated as to the vehicle under 11 U.S.C. § 521(a)(6) (hanging paragraph) because, within 45 days

after the meeting of creditors, the debtor did not reaffirm the debt or redeem the vehicle from the security interest, and the trustee did not act to establish that the vehicle was of consequential value to the estate.[1]  The court has no authority to reimpose the automatic stay.  If the debtor wishes to pursue injunctive relief on an independent basis, she must do so by way of an adversary proceeding (*see* Fed. R. Bankr. P. 7001).

II

The debtor points to an order this court entered at her behest, an *Order Imposing Unilateral Obligations on Debtor for Protection of Secured Creditor*, in which the court required the debtor to keep the vehicle insured and not to interfere with repossession efforts.[2]  That type of order often is a sufficient inducement to an automobile lienor to elect not to enforce a due-on-bankruptcy clause, and to continue to accept payments and not repossess so long as the debtor is current on payments.  Ford Motor Credit, however, has adopted a policy of repossessing

---

[1]  If for some reason § 521(a)(6) does not apply, and so long as the automobile remains property of the estate, the automatic stay bars repossession, but the debtor's motion assumes that the automatic stay has terminated.

[2]  The debtor's schedules reflect that the debt owed far exceeds the value of the vehicle, and that she is unable to afford to make the car payments.  In that circumstance, it is likely that any reaffirmation agreement would have been disapproved as imposing an undue hardship, but with the debtor free to struggle to keep car payments current if that was her desire.

despite such an order.  If the automatic stay has terminated, the debtor has not pointed to anything in the Bankruptcy Code that bars Ford Motor Credit's exercising whatever rights it has under nonbankruptcy law.[3]

### III

The debtor indicates that she has been advised that her account is past due by $1,000, and that she can bring the account current but is reluctant to tender the money if the vehicle is in active repossession.  If she tenders the funds to bring the account current and Ford Motor Credit accepts the tender, that may be a waiver *under nonbankruptcy law* of its right to proceed

---

[3]  As observed in *Ludwig & Robinson, PLLC v. Yelverton Law Firm, PLLC (In re Yelverton)*, 2011 WL 1628046, *4 (Bankr. D.D.C. Apr. 28, 2011):

> The Bankruptcy Code provides the instruments for effecting a chapter 7 debtor's so-called fresh start, principally, a discharge under 11 U.S.C. § 727(a) (and the benefits of the discharge injunction under 11 U.S.C. § 524(a)), protections against certain discriminatory treatment under 11 U.S.C. § 525, and the right to exempt assets under 11 U.S.C. § 522. The Bankruptcy Code does not vest a bankruptcy court with the authority to create additional protections in order to assist the debtor's "rehabilitation."

Not only does the debtor fail to point to any provision of the Bankruptcy Code according her a protection against the repossession efforts: the Bankruptcy Code appears to *affirmatively* indicate that it does not interfere with a creditor's repossession efforts once the automatic stay is no longer a bar.  See 11 U.S.C. § 521(a)(6) (hanging paragraph) (indicating that when the stay terminates pursuant to that provision, "the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law . . .").

with repossession based on any due-on-bankruptcy clause in the parties' contract.

If there is such a waiver, it is doubtful that this court would have subject matter jurisdiction under 28 U.S.C. § 1334(b) (conferring jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11") to enforce the waiver and to halt any repossession effort Ford Motor Credit pursues based on a due-on-bankruptcy clause.  The debtor's right to enforce such a waiver will arise under nonbankruptcy law, not under the Bankruptcy Code.  The right to enforce such a waiver, moreover, will not have arisen in the bankruptcy case. *See Virginia Hosp. Center–Arlington Health Sys. v. Akl (In re Akl)*, 397 B.R. 546, 550 (Bankr. D.D.C. 2008) ("In other words, an 'arising in' proceeding is one that must not only arise from events in the bankruptcy case but that by its nature is of an 'administrative' character because it requires a disposition in the bankruptcy case in order for the bankruptcy case to be administered."); *In re White*, 2011 WL 4368390, *2 (Bankr. D.D.C. Sept. 19, 2011) (bankruptcy court would likely lack subject matter jurisdiction over car lienor's request to compel debtor to surrender car even though the debtor's refusal arose during the bankruptcy case).  Moreover, enforcement of such a waiver to stave off a repossession sale will not have any apparent impact on the administration of the estate as the car appears not to be

property of the estate to be administered by the trustee.[4]  *See*

*Turner v. Ermiger (In re Turner)*, 724 F.2d 338 (2d Cir. 1983);

*Ostroff v. Am. Home Mortg. (In re Ostroff)*, 433 B.R. 442, 447

(Bankr. D.D.C. 2010).

IV

In accordance with the foregoing, it is

ORDERED that the Debtor's Emergency Motion to Reimpose Automatic Stay to Halt Repossession of Debtor's Automobile by Ford Motor Credit Company is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification;

Michael Klima, Jr., Esq.
810 Glen Eagles Court, #212
Baltimore, MD 21286

---

[4] The trustee did not act under § 521(a)(6) to preserve the vehicle as property of the estate, and he has already filed a report of no distribution, with a presumption having arisen under Fed. R. Bankr. P. 5007(a) that the case has been fully administered.

5